### 6877

### WILSON LUMBER CO. v. D. W. ALDERMAN & SONS CO.

DEEDS—TIMBER.—A fee simple warrantee deed, without conditions or limitations, conveying "all the pine trees and timber suitable for milling purposes" conveys an estate in fee simple to the grantee in the trees and timber suitable for milling purposes at date of deed and in so much of the land as is sufficient to sustain them, and grantee may enter at any time and remove. That it is now difficult to determine the trees which were suitable for milling purposes at date of deed, and that grantee soon after execution of deed entered and cut a part of the trees and then stopped, do not effect the construction of the deed or bar grantee from again entering and cutting the trees remaining.

Before PRINCE, J., Williamsburg, October term, 1907. Affirmed.

Action by Wilson Lumber Company, against Alderman & Sons Company. From Circuit decree, defendant appeals.

*Messrs. Charlton, DuRant, Shand* and *Shand* and *Kelley* and *Fairey,* for appellant. *Messrs. Shand & Shand* cite: *One decision should not sustain doctrine of stare decisis:* 3 Hill, 205; 6 S. C., 364; 19 S. C., 165; 13 S. C., 574. *Timber deeds convey an interest in realty:* 25 Cyc., 1549; 23 Cen. Dig., 2028, Sec. 86, 2023, Sec. 89; 2087, Sec. 117; 4 Lead. Cos., Am. L. R. P., 510, 515; 55 L. R. A., 514.

*Removal should be made in reasonable time:* 111 Ga., 65; 402; 164 Pa. St., 234; 13 Allen, 462; 3 L. R. A., 651; 55 L. R. A., 513, 531, 534; 25 Cyc., 1551.

*Messrs. Willcox & Willcox, Henry E. Davis* and *Lee* and *Askins,* contra. *Messrs. Wilcox & Wilcox* and *Henry E. Davis,* cite: *Decisions of this State involving conveyances of timber:* 11 Rich., 621; 12 Rich., 176, 314; 13 Rich., 85; 16 S. C., 482. *Conveyances in which nothing is said as to time of removal:* 1 Wash. Real Prop., 16; 12 Rich., 314; 11 Coke, 46; 3 Am. Dec., 215; 55 L. R. A., 513; 13 Me., 122; 10 Gray, 48; 47 Me., 595; 1 Am. St. R., 551; 53 Am. St. R., 73; 56 Ala., 566; 37 S. W., 260; 32 S. E., 94; 70 S. W., 290; 42 So., 858; 98 S. W., 238; 99 S. W., 736; 57 S. E., 873. *Decisions recognizing fee simple in timber but turning on another point:* 13 Rich., 85; 10 Metc., 155; 53 Barb., 403; 99 Am. Dec., 81; 102; Mass., 375; 71 Pa. St., 365; 131 Mass., 529; 4 S. W., 802; 20 Atl., 545; 30 Atl., 247; 63 S. W., 974; 69 S. W., 1092; 50 S. E., 369; *Authorities contra:* 91 S. W., 53; 55 L. R. A., 531; 57 S. E., 873. *As to removal within a reasonable time:* 55 L. R. A., 531; 22 Am. Dec., 410; 1 Sandf., Ch. 52; 2 Barb., 613; 15 Pa. St., 571; 10 Gray, 48; 47 Me., 595; 15 Ky. L., 55; 49 N. H., 204; 18 Am. R., 455; 113 Mass., 107; 220 Am. R., 119; 28 Am. R., 776; 45 Am. R., 19; 6 Atl., 48; 37 Nev., 794; 27 L. R. A., 434; 47 L. R. A., 226; 30 Atl., 247; 37 S. W., 260; 43 S. W., 732; 66 S. E., 758; 83 Am. St. R., 661; 85 Am. St. R., 404; 39 S. E. R., 436; 91 S. W., 53; 46 S. E., 24; 61 Atl., 675; 97 S. W., 354; 49 S. E., 831; 50 S. E., 369; 91 S. W., 27. *Necessity of notice before time will begin to run:* 12 Rich., 314; 1 Am. St. R., 551; 30 Atl., 247; 2 Barb., 613; 15 Pa. St. R., 571; 53 Barb., 403; 35 Am. R., 683; 16 N. W., 666; 47 L. R. A., 226; 37 S. W., 260.

April 21, 1908.   The opinion of the Court was delivered by

MR. JUSTICE JONES. Plaintiff brought this action for permanent injunction restraining defendant from cutting the timber on the tract of land described in the complaint.

On the 29th day of March, 1893, plaintiff's grantor, Thomas Wilson, purchased from J. E McElveen "all the pine trees and timber suitable for milling purposes on all that tract of land situate, lying and being in said county, containing two hundred acres, more or less (giving boundaries) * * * together with the right of ingress, egress and regress for the purpose of cutting and removing such trees and timber, and also the right to cut roads across said premises for the purpose of removing such timber and trees, and the right to make and construct tramways, railroads and all such other roads or ways as may be necessary or convenient through and upon said premises, for the purpose of removing such trees and timber or for the purpose of going to and reaching the land and premises adjoining the said tract of land; and also the right to do any and all things whatsoever that may be necessary or convenient for cutting and removing the said timber and trees." Habendum to Thomas Wilson and his heirs and assigns forever, with general warranty.

It appears that within a year thereafter, Thomas Wilson built a tramway to the property purchased, cut a quantity of the trees growing upon the land, sawed the same into lumber and within a year after entering upon the land removed his tramway and milling machinery therefrom. Subsequently in February, 1904, Thomas Wilson conveyed all of his interests in timber and lumber to the Wilson Lumber Company. In July, 1904, the heirs of McElveen, Wilson's grantor, conveyed to D. W. Alderman & Sons Company all the timber on this tract of land for a term of fifteen years, and some time thereafter the defendant entered upon and cut some trees from this land. This action was commenced on the 27th of March, 1907, for injunction to restrain the cutting of said timber. A jury was empaneled and heard all the evidence. At the close of the testimony it was agreed

that after the deed from McElveen had been construed by the Court, nothing remained for the jury to consider.

The Court (Judge Prince presiding) in a very clear and able decree decided that the deed to Wilson conveyed to him all the pine trees and timber of every description suitable for milling purposes at the time of its execution in 1893, and that as the deed was in form a fee simple conveyance without conditions or limitations, it conveyed the timber described to Wilson as real estate together with so much of the land on which the trees were growing as was necessary to sustain them, and the fact that Wilson exercised part of his right under the deed, did not deprive him or his grantees from again entering upon the land and cutting such trees and timber as were suitable for milling purposes at the time of the execution of the deed to him, and the terms of his deed being unconditional, he was not required to cut and remove the timber within a reasonable time. The Court rested its decree upon the authority of *Knotts* v. *Hydrick,* 12 Rich., 314, which holds that where one sells growing timber without limiting the time in which the timber has to be removed, the purchaser acquires such interest in the land as is necessary to sustain the timber until it is removed, and acquires an interest in the timber as real estate.

The Court further held that defendant under the terms of its deed had the right to enter upon the land and cut any timber that was not at the time of execution of the deed to Wilson in 1893 suitable for milling purposes and had since become suitable, defendant was permanently enjoined, however, from cutting timber that in 1893 was suitable for milling purposes and had been left on the land. From this decree defendant appeals.

The controlling question raised by the exceptions is whether the Circuit Court erred in the construction of the deed from J. E. McElveen to Thomas Wilson, executed January 26th, 1893. The deed was an absolute conveyance in fee simple of the trees and timber suitable at that time for milling purposes, and under the authorities of this State,

particularly *Knotts v. Hydrick,* 12 Rich., 37, the estate in the trees and timber was a fee simple estate, the only limitation being that plaintiff's right was restricted to trees suitable for milling purposes in 1893. Plaintiff was not required to remove said timber within a reasonable time, but could at any time enter upon the land and remove all timber suitable for milling purposes at date of deed. The rule in *Knotts* v. *Hydrick* has not been questioned or modified by any later decisions that we have been able to find.

It may be said that under the terms of the deed, difficulty would now be experienced in determining just what trees were suitable for milling purposes in 1893, but such inconvenience and difficulty is no ground for disregarding the express terms of the deed which the Court must costrue as the parties have made it.

The judgment of the Circuit Court is affirmed.