### 8096

ATLANTIC COAST LUMBER CORPORATION v. LITCHFIELD.

REHEARING.—THE TIMBER DEED in question being substantially the same as that construed in *Flagler* v. *A. C. L. Corp.*, 89 S. C. 328, and *McClary* v. *Same*, 90 S. C. 153, this case is ruled by those, but on petition for rehearing bringing to the attention of the Court matters not referred to in the argument, the injunction against cutting the timber is continued until the question whether the plaintiff has been given a reasonable time to cut the timber is decided.

Before MEMMINGER, J., Berkeley, April, 1911. Reversed.

Action by the Atlantic Coast Lumber Corporation against John Litchfield and John Litchfield, Jr. Defendants appeal.

*Messrs. E. J. Dennis* and *W. A. Holman,* for appellant, cite: *As decisive of this case:* 89 S. C. 328.

*Mr. Octavus Cohen,* contra, cites: *As to "quality" of conveyances of this general class:* 80 S. C. 106; 12 Rich. 314;

77 S. C. 255; 11 Coke 46; 3 Am. D. 215; 13 Me. 122; 10 Gray. 48; 47 Me. 595; 1 Am. St. R. 551; 53 Id. 73; 37 S. W. 260; 70 S. W. 290; 123 Am. St. A. 58; 98 S. W. 238; 99 S. W. 736; 57 S. E. 873; 77 S. E. 81.

The opinion in this case was filed on January 6, 1912, but remittitur held up on petition for rehearing until

February 19, 1912.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The plaintiff brought this action against defendants to perpetually enjoin them from cutting timber from certain lands described, situated in Berkeley county, in violation of plaintiff's rights alleged to have been acquired under a timber deed and contract executed by A. J. Litchfield and the Atlantic Coast Lumber Company on August 21, 1899.   The plaintiff claims as successor of the Atlantic Coast Lumber Company and the defendants claim as grantees of A. J. Litchfield.

The question submitted to the Circuit Court was whether upon a proper construction of the deed, the plaintiff was required to begin to cut the timber within a reasonable time, Judge Memminger, presiding, granted permanent injunction, holding that the deed did not require the plaintiff to commence removal of the timber within a reasonable time after its execution.   The timber deed and contract in question is substantially in the terms of the deed and contract construed in *Flagler* v. *Atlantic Coast Lumber Corporation*, 89 S. C. 328, and *McClary* v. *Atlantic Coast Lumber Corporation, infra* 153, 72 S. E. 145, and it is conceded by respondent that these cases warrant reversal if the Court adheres to the construction therein made.   The Court is not disposed to disturb the authority of those cases.   Judge Memminger's ruling was previous to the filing of the decision in the above named cases.

The judgment of the Circuit Court is reversed.

MR. JUSTICE WOODS *did not sit in this case.*

February 19. PER CURIAM. At the hearing, respondent's attorney admitted that the deed upon which this action is based falls within the rule of construction announced in the recent cases of *Flagler* v. *A. C. L. Corporation* and *McClary* v. *A. C. L. Corporation,* and that, if the Court adhered to the decision in those cases, it would be conclusive of this appeal and warrant reversal of the judgment below. The Court was asked to review those cases, but declined to do so. Therefore, the judgment below was reversed. Counsel failed to bring to the attention of the Court, at that time the fact which is now brought to the Court's attention in this petition, to wit, that upon the record in this case, under the authority of the cases above cited, the plaintiff was entitled to have the preliminary injunction maintained, until the decision on the merits of the question, whether plaintiff had been allowed a reasonable time, within which its right must be exercised, to elapse before commencing to cut the timber in question. This, however, does not afford ground for a rehearing, but the Court will now make the judgment which it would have made then, if the matter had been brought to its attention.

Therefore, it is ordered that the former judgment of this Court be modified to this extent, that the judgment of the Circuit Court be reversed in so far as it made the preliminary injunction permanent, and that the preliminary injunction remain in force until the hearing. Further ordered, that the order staying the remittitur be revoked.