## CARTER & CO. v. KAUFMAN.

1. EXCEPTION based on an issue not raised by the pleadings and about which Judge said nothing in his charge, will not be considered.
2. ESTOPPEL—CONTRACT—DAMAGES.—When one party to a contract induces the other party by his conduct not to perform his part, he is estopped from claiming damages for its breach, even if there was no new consideration.
3. EXCEPTION not specifying particulars in which charge is alleged erroneous, is too general.
4. EVIDENCE.—It is not error to admit evidence responsive to allegations in answer, or not objected to when offered.
5. CONTRACT—DAMAGES.—A stipulation in a building contract that builder would pay a sum certain for each day after certain date the building remained unfinished, is liquidated damages, but whether such damages are recoverable, depends on the facts of each case.
6. CHARGE responsive to issues, tending to support which there is some evidence, is not error.

Before WATTS, J., Oconee, November term, 1902. Reversed.

Action by Carter & Co. against Otto Kaufman, Helena C. Kaufman, in her own right and as administratrix. From judgment for defendants, plaintiffs appeal on the following exceptions:

"1. Because it was error for the Circuit Judge to hold and charge the jury as follows: 'If you find that the plaintiffs did rescind the contract by striking out the forfeiture, then the verdict will be for the defendant; the error being, it is respectfully submitted, in charging, virtually, that if the plaintiffs could not recover under the forfeiture clause of the contract, they could not recover at all;' while we respectfully submit that plaintiffs were entitled to recover whatever actual damages they received, whether they waived the forfeiture clause of contract or not.

"2. Because it was error for the Circuit Judge to hold and charge the jury as follows: 'The plaintiffs would be entitled to recover such actual damages as they sustained by the failure of the defendants to carry out the contract. That is, if the plaintiff did not relieve the defendants of the forfeiture in the contract after entered into. Then the plaintiffs are entitled to recover such damages as are shown by the testimony. The defendants admit that they entered into this contract. If they signed this contract and failed to carry it out, then the plaintiffs are entitled to such damages as in your opinion are right in the case. Now, I charge you as a matter of law in the pleadings that they are not entitled to recover $5 per day for ten days, nor $10 until the building is completed. They are entitled to recover such damages as they sustained, if you find that the defendants were not relieved from the forfeiture in the contract. Mr. Foreman, your verdict will be, "We find so much for the plaintiffs," unless you find that the plaintiffs did not relieve the defendants of the forfeiture in the contract. Then your verdict will be, "We find for the defendants," or so much for the

plaintiffs, and sign your name as "Foreman." ' The error being, we respectfully submit, in virtually charging the jury that plaintiffs were not entitled to recover their actual damages, if plaintiffs had agreed to waive the forfeiture clause; and we respectfully submit that if plaintiffs did not waive the forfeiture clause, the damages were liquidated and plaintiffs were entitled to recover the damages they had received as liquidated in the contract; or if plaintiffs had waived the forfeiture clause of the contract, they were entitled to recover whatever actual damages they had sustained, and his Honor should have so held, as matter of law.

"3. Because all the evidence shows the offer to waive the forfeiture clause was conditioned upon the defendants completing the buildings they had contracted to erect for plaintiffs, and that the conditions were never performed by the defendants; and defendants cannot claim any benefit of any agreement made by plaintiffs to waive the forfeiture clause until they have complied with the conditions upon which the forfeiture was to be waived.

"4. Because if there had been an agreement on the part of the plaintiffs to waive the forfeiture clause of the contract, or to rescind the contract, there was no consideration to support such agreement, and such agreement would be null and void.

"5. All the evidence shows that forfeiture clause was not cancelled nor the contract rescinded—that at most it was an agreement without consideration to cancel the forfeiture clause or to rescind the contract, which was never done.

"6. Because his Honor, the presiding Judge, erred in refusing plaintiffs' motion for a new trial, based upon the alleged errors of the presiding Judge in his charge to the jury in relation to the waiver of the forfeiture by plaintiffs.

"7. Because his Honor, the presiding Judge, erred in refusing plaintiffs' motion for a new trial, based upon the ground that if there had been an agreement on the part of the plaintiffs to cancel forfeiture clause of the contract, or to

rescind the contract, such agreement would have been without consideration and, therefore, null and void.

"8. Because his Honor, the presiding Judge, erred in refusing plaintiffs' motion for new trial, based upon the ground that the evidence shows the offer to waive forfeiture was a conditional one, and conditions were not fulfilled on the part of defendants.

"9. Because his Honor, the presiding Judge, erred in refusing plaintiffs' motion for a new trial, based upon the ground that all the testimony shows contract was not cancelled—at most, an agreement without consideration to cancel, which was never done.

"10. Because it was error for the presiding Judge to allow the witness, Otto Kaufman, one of the defendants, to answer the following question propounded by the attorney for the defendants, over the objection of plaintiffs' attorney: 'Now, Mr. Kaufman, after the contract was signed up, did you go to Carter & Co. and tell them that you didn't know the forfeiture clause was there; and didn't you tell them that if the forfeiture clause was there you could not carry out the contract; that you could not get the money to carry out the contract?' for the reason (a) that such question was leading; (b) the facts sought to be brought out by such question were irrelevant and incompetent; (c) and if such declarations were made, they were statements made by the defendant in his own behalf and were, therefore, not competent.

"11. For that it was error for the presiding Judge to hold and charge the jury as follows: 'Now, I charge you as a matter of law in the pleadings, that they (plaintiffs) are not entitled to recover $5 per day for ten days, nor $10 until the building is completed;' the error being that such charge was virtually a direction to the jury that under no view of the case could they find the damages stipulated in the contract; whereas, it is respectfully submitted that if the presiding Judge intended to charge that the damages stipulated in the contract were not liquidated damages, he was in error, as a

matter of law; and if he intended to charge that the clause
stipulating for liquidated damages had been waived by the
plaintiffs, he was charging as to matters of fact, which is
prohibited by the Constitution of this State."

*Messrs. Stribling & Herndon,* for appellants. *Mr. Hern-
don* cites: *Agreement to cancel or rescind is void for want of
consideration:* 3 Ency., 1 ed., 834; 6 Ency., 2 ed., 752; 1
Strob., 329; 12 L. R. A., 470; 13 L. R. A., 581; 34 L. R. A.,
42; 28 Ency., 1 ed., 538; 61 Minn., 482. *The forfeiture
clause is in nature of liquidated damages:* 2 Bail., 294; 5
Strob. L., 115; 1 McM., 71; 11 Rich. L., 554.

*Messrs. J. R. Earle* and *H. J. Haynesworth,* contra, cite:
*Admission of evidence of special damages was error:* 5 Ency.
P. & P., 719; 31 S. C., 53. *As to enforcement of liquidated
damages:* 53 N. Y., 394; 1 Suth. on Dam., 528; 138 N. Y.,
480; Sed. on Dam., 419; 19 Ency., 397, 309; 55 A. St. R.,
342; 1 McM., 106; 11 Rich., 554.

November 27, 1903. The opinion of the Court was de-
livered by

MR. JUSTICE GARY. This is an action on a contract
entered into between the plaintiffs and the defendants, on
the 18th of July, 1899, whereby the defendants agreed to
erect on their own land, a brick storehouse by the 20th Sep-
tember, 1899, and to rent the same, when completed, to the
plaintiffs for four years at the price of $35 per month.
The plaintiffs, on their part, agreed to take the building at
said price, "Provided they do business in Walhalla that
long." The contract also contained this provision: "And
the said parties of the second part, agree and bind themselves
to forfeit to said Carter & Co. $5 per day for each day said
building shall remain incompleted, after the 20th day of
September, 1899, for ten days, and after that $10 per day
until completed."
The complaint alleges that the plaintiffs have insisted and

frequently demanded of the defendants, that they comply with the terms of said contract, but that they have refused to comply with the said agreement, and totally failed to carry out its provisions, whereby the plaintiffs have been damaged in the sum of $3,750.

The defendants answered the complaint, denying generally the allegations thereof, and setting up as a defense, that their failure to comply with the contract was caused by the interference, by the plaintiffs, with the plan of the defendants for borrowing the money which they needed in building the store. The defendants also alleged that "subsequent to the date of the alleged contract, the plaintiffs and the defendants agreed to cancel the said contract, and that the defendants * * * should be released from all liability thereon."

The jury rendered a verdict in favor of the defendants, and the plaintiffs appealed upon numerous exceptions, that will be set out in the report of the case.

The first exception seems to have been taken under the misapprehension of his Honor's charge, arising from the fact that it was taken down by a new stenographer, who made certain mistakes that were corrected by the presiding Judge almost immediately after the trial of the case. The words, "by striking out the forfeiture," in the exception, do not appear in the charge.

So, likewise, the second exception contains the words, "the forfeiture in," which do not appear in the charge. These exceptions will, therefore, not be considered.

The third exception does not present a question properly before this Court for consideration, as the forfeiture clause is not made an issue by the pleadings, nor is there anything in the charge of his Honor, the presiding Judge, with reference to such question.

What has just been said in considering the third exception also disposes of the fourth and fifth exceptions. We may say, however, that if the plaintiffs by their conduct, induced the defendants not to erect the building, they would be estopped from claiming damages arising from the

failure to build the house, even if there was no new consideration. A contrary doctrine would enable the plaintiffs to take advantage of their own wrong.

The sixth exception does not specify in what particulars his Honor's charge was erroneous, and is, therefore, too general for consideration.

The seventh exception is disposed of by what has already been said, and the eighth exception is in like plight.

The ninth exception cannot be sustained, for the reason that testimony tending to show an agreement between the parties to cancel the original contract was introduced without objection, and such testimony was responsive to the allegations of the answer to the complaint.

The tenth exception must be overruled, as the grounds upon which it is urged, that the testimony was inadmissible, were not interposed by way of objection when the testimony was offered.

The case of *Worrell* v. *McClinaghan,* 5 Strob., 115, shows conclusively that the eleventh exception must be sustained. In that case there was a stipulation in the contract for building a house, that it should be completed by a certain day, and in default, there was to be a deduction of $100 for every month which intervened between that day and the completion of the building. The Court held that the forfeiture partook of the character of liquidated damages, and not that of a penalty, and that the jury should have been instructed to that effect, *as matter of law.* In the case under consideration, it unquestionably appears upon the face of the contract that the damages therein mentioned are liquidated, and his Honor, the Circuit Judge, should have so ruled, as matter of law. But whether such damages are recoverable, must, of course, depend upon the facts of the case, to be determined by the jury under proper instructions by the Court.

The additional exceptions, numbered 12, 13, 14 and 15, cannot be sustained for the reason that his Honor's charge therein mentioned, was responsive to the issue made

by the pleadings, and the record discloses the fact that there was certainly some testimony to establish the same.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.