8490

OULD v. SPARTANBURG REALTY CO.

1. Words and Phrases—Issues.—What is a "reasonable time" depends upon the circumstances of each case and is a question of fact.

2. Ibid.—Contracts.—Whether a stipulation in a contract that upon failure to perform certain stipulations by one party, the other party may retain payments made on the contract as *"liquidated damages"* is a penalty or liquidated damages is to be decided upon the circumstances of each case.

Before Gage, J., Spartanburg, March term, 1912. Affirmed.

Action by G. W. Ould against Spartanburg Realty Company.    Defendant appeals.

*Messrs. Lyles & Lyles,* for appellant, cite: *Issue of damages was for the jury:* 99 Pac. 586; 72 At. 301, 695.    *Right of defendant to retain the money paid:* 67 S. C. 462; 90 S. C. 490.

*Mr. Stanyarne Wilson,* contra, cites: *What is a reasonable time:* 10 Rich. 423; 30 Minn. 415; 5 Fed. Cas., No. 2932; 5 Md. 121; 9 Ency. P. & P. 379, 385; 9 Cyc. 613.    *Penalty against liquidated damages:* 13 Cyc. 674, 675, 93, 94, 28, 97, 98, 101; 3 Hill 269; 1 McM. 72; 5 Strob. 118; 11 Rich. 556; 19 S. C. 434; 67 S. C. 462; 21 N. Y. 260; 20 F. R. 21.

March 27, 1913.    The opinion of the Court was delivered by

MR. JUSTICE WATTS.    This action was tried before his Honor, Judge Gage, and a jury, and resulted in a verdict for the plaintiff in the sum of $667.68, and, upon entry of judgment, defendant appealed.    The plaintiff, by his complaint, alleged the following facts, which were sustained by the evidence.    That the defendant, a real estate corporation, made contracts with the plaintiff by which it agreed to deliver to him warranty deeds to four lots of land, in the city of Spartanburg, for the consideration of $2,500 to be paid in installments ($100.80 cash and $50.40 monthly) and guaranteed "that it would make the following improvements within a reasonable time: 1. That the street or streets on which said lots face will be graded and curbed with granolithic sidewalks and have trees planted thereon.    2. That water mains and sewers be laid accessible to said lots, all without cost to purchaser."    That the "reasonable time" as mutually understood by them expired before plaintiff ceased making payments.    That he made payments amounting in

all to $756, and only stopped making them, thereafter, because of the company's violation of the contract in failing and refusing to perform its guarantee, which was one of the inducements and consideration for his entering into them. That thereafter, defendant conveyed the lots to another party and breached the contracts and rendered them impossible of fulfillment, and that in consequence he was damaged to the extent of the payments so made by him, with interest, for which damages he asks judgment.

The action was one for damages for breach of contract, the amount of damages as alleged being the payments made by plaintiff and interest and nothing else. At close of plaintiff's evidence, a motion for a nonsuit was made on two grounds: The first was that the plaintiff's covenants and defendant's covenants in the contract are independent of each other, and that a failure of defendant to comply with its covenants would not release plaintiff from his obligation to make his monthly payments. That his only remedy would be to go into a court of equity and ask for specific performance or sue for breach of covenant. Plaintiff's attorney assented to this proposition, both in the Court below and here.

The second ground was that the following clause of the contract is a stipulation for liquidated damages. "It is agreed that if the purchaser shall be in default in making any of the said payments for a period of sixty days, this agreement shall be null and void, and the money paid thereunder shall be retained by the party of the first part as liquidated damages without any liability to account for the same." Plaintiff's attorney controverted this proposition and contended that there were no liquidated damages in it. His Honor overruled the motion for a nonsuit, holding that the contract was one of penalty and not of liquidated damages. Defendant appeals and alleges six assignments of error on the part of his Honor.

The first ground of appeal questions the rulings of his Honor in admitting testimony over objection as to what was meant by "reasonable time" in the contract as the evidence tends to vary and modify a written instrument. We do not think his Honor, the presiding Judge, was in error in this.

"What is a reasonable time depends upon the circumstances of each particular case, and no definite rule has yet been laid down, to govern all cases. The question is a question for the jury to decide." *Hayes* v. *Hayes,* 10 Rich. 423—and the plaintiff had the right to show what was the mutual understanding of the parties as to what was meant by "reasonable time."

The second, third and fourth grounds of appeal are from his Honor's construction of the clause in the contract that provides : "It is agreed that if the purchaser shall be in default in making any of the said payments for a period of sixty days, this agreement shall be null and void, and the money paid thereunder shall be retained by the party of the first part as liquidated damages, without any liability to account for the same;" in refusing to construe such default as a forfeiture as liquidated damages; in construing it as a penalty; and refusing motion for nonsuit. His Honor held that both parties conceded that the covenants were independent. The question to be determined is : does this clause, under the law and particular circumstances of this case, create a forfeiture by the use of the words "liquidated damages" or is it a penalty?

The use of the words "liquidated damages" or "penalty" is not conclusive, as all authorities agree.

"If the parties did not have in contemplation actual damages or a dual compensation, and did not attempt to stipulate with reference to the payment or recovery of actual damages or actual compensation, it is penalty and not liquidated damages, even though the parties designated them as liquidated damages.

"If the contract is one in which the measure of damages for part performance is ascertainable and the sum is stipulated for breach of it, this sum will not be allowed as liquidated damages in case of partial breach.

"Where an agreement contains provisions for the performance or nonperformance of several acts of different degrees of importance, and then a certain sum is stipulated to be paid upon a violation of any or all of its provisions, and the sum will be in some instances too large and in others too small a compensation for the injury thereby occasioned, that sum is to be treated as a penalty and not as liquidated damages.

"While no one can fail to discover a very great amount of apparent conflict, still it will be found on examination that most of the cases, however conflicting in appearance, have yet been decided according to the justice and equity of the particular case.   Just compensation is regarded as the universal measure of damages, not punitory."   See, for this general doctrine, 13 Cyc., pages 89, 90, 91, 92, 93, 94, 95 and 96, and for quotations, *Condon* v. *Kemper,* L. R. A. 13, 614 and 678.

The evidence shows conclusively that the defendant failed to carry out the contract as made before the plaintiff, in any manner, breached it by failure to make the payments agreed upon, and his Honor committed no error in charging the jury, in effect, that the plaintiff had the right to recover from the defendant the amount which had been paid in by him on the installments, less any amount that the jury might find as damages to the defendant to be deducted from the amount paid in by the plaintiff.

Under the evidence in this case this view is not in conflict with the law as declared in the case of *Carter* v. *Kaufman,* 67 S. C. 462, 45 S. E. 1017.

The fifth and sixth exceptions allege error on the part of his Honor in his charge to the jury.   After examination of the charge, we fail to find that he committed the errors com-

plained of or that it was in any manner prejudicial to the defendant.

A careful examination of all the exceptions made satis-- fies us that all should be overruled.

Judgment affirmed.