### 8826

### MINSHEW v. ATLANTIC COAST LUMBER CORPORATION.

#### (81 S. E. 1027.)

LOGS AND LUMBER. SALES OF STANDING TIMBER. TIME FOR REMOVAL. EVIDENCE. APPEAL AND ERROR. ASSIGNMENT OF PURCHASER'S RIGHTS. TERMINATION OR FORFEITURE OF RIGHTS.

1. In a suit for the forfeiture of a conveyance of standing timber on the ground that the purchaser and his assignee had not commenced to cut and remove the timber within a reasonable time, evidence that the purchaser and the assignee had consulted an attorney before the execution of the conveyance as to the legal effect thereof was inadmissible.

2. A party complaining on appeal of the findings of fact, on the ground of the insufficiency of the testimony to support them, must show by a preponderance of the testimony that the findings' are erroneous.

3. Where a conveyance of standing timber was silent as to when the purchaser should commence to cut and remove the timber, the cutting and removal must be within a reasonable time.

4. An assignee of a purchaser of standing timber is chargeable with knowledge of the proper legal construction of the conveyance silent as to time when the cutting and removal should commence.

5. Where a forfeiture of a conveyance of standing timber was sought on the ground that the purchaser and his assignee had not begun to cut and remove the timber within a reasonable time, evidence that the grantor at the time of the execution of the conveyance was led to believe by the purchaser that a mill would be erected in the near future near the timber sold was admissible as. bearing on the question of reasonable time within which the timber should be cut and removed.

6. The Court on appeal will presume that the trial Judge was influenced in his findings of fact by competent testimony relevant to the issues and uninfluenced by incompetent evidence.

7. A conveyance of standing timber silent as to the time when the purchaser should begin to cut and remove the timber, but providing that the time limit should be five years from the beginning of the cutting and removal, which might be extended on the payment by the purchaser of interest on the purchase price, calls for the beginning of the cutting and removal of the timber within a reasonable time, and, where the purchaser and his assignee failed for twelve years to begin to cut and remove the timber and did not offer to pay the interest on the price, a forfeiture of the conveyance was warranted.

8. A vendor of standing timber may sue for a forfeiture of the conveyance based on the failure of the purchaser and his assignee to begin to cut and remove timber within a reasonable time, without first giving notice to the purchaser or assignee to begin to remove the timber pursuant to the conveyance silent as to the time when the cutting and removal should begin.

9. A contract for the sale of standing timber silent as to the time when the purchaser should begin to cut and remove the timber, but stipulating that the time limit should be five years from the time the purchaser begins the cutting and removal, subject to extensions from year to year on the payment by the purchaser of interest on the price, is not an absolute conveyance in fee, but is in the nature of a lease, and the purchaser failing to remove the timber within a reasonable time has no interest therein.

Before DEVORE, J., Marion, August, 1912.    Affirmed.

Action by O. G. Minshew against the Atlantic Coast Lumber Corporation. From a decree and judgment for plaintiff, defendant appeals.

The facts are stated in the Circuit decree rendered by Judge DeVore, as follows:

"By reference to the complaint it will be seen that the purpose of the action is to have the deed made by W. A. Wall to R. L. Montague (through whom the defendant claims the title to the timber on the land described) declared null and void, and to have the said deed canceled, for the reason that the defendant failed to begin cutting and removing the timber from said lands within a reasonable time from the date of said deed. The answer of defendant is, first, a general denial; second, an affirmative defense, which consists in alleging the difficulties and expenses, the enormous and gigantic sawmill plant which was necessary to be built in order to manufacture all of the timber holdings of the defendant; the fact that R. L. Montague, the purchaser of this timber, had no sawmill or means of transportation for the timber, etc.

"At the hearing of the case I let in all testimony offered by either party subject to all objections noted on the record, to be passed upon when I wrote the decision. It will appear from the pleadings in the case there is no question of inadequacy of consideration for the timber, no question of fraud or misrepresentation, no question of any other contract, other than the one involved here, to wit, the deed or agreement from W. A. Wall to R. L. Montague. I therefore sustain all objections to any testimony which proves or tends to prove a different contract to the one involved here, or any testimony which changes or tends to change or vary or add to the contract involved, or any testimony which proves or tends to prove fraud, misrepresentation, or inadequacy of consideration; also, all testimony as to getting legal advice, as I do not regard it competent. The testimony is very voluminous. Yet I have read it with pains and care and great interest on account of the importance of the issue involved, and have undertaken to digest it, and give what weight it is entitled to on the question before me,

to wit, what is a reasonable time in which the defendant should begin cutting and removing the timber from the land described in the complaint by reason of the terms of the deed from Wall to Montague, both the plaintiff and the defendant claiming from W. A. Wall. As best I can, and in as fair and just a manner as I am able to do, keeping in mind all the while what is right, just, equitable, and proper with reference to the rights of both plaintiff and defendant, I find as a matter of fact from the competent testimony in the case that the plaintiff is the fee-simple owner of the tract of land described in the complaint (see plaintiff's deed from Wall, dated December 4, 1911). I find that on the 24th December, 1898, R. L. Montague became the owner of the timber on this land (see deed or agreement between Wall and Montague). I find that by and through other deeds the defendant succeeded to the rights and interest that Montague had in the timber on this tract of land. I find that R. L. Montague was quite a timber expert at the time he purchased from Wall. I find that Wall at that time knew very little about the timber business. I find at the time of the Wall deed to Montague that Montague had purchased timber in the counties of Horry, Florence, Williamsburg, Georgetown, Berkeley, and Charleston, besides that in Marion. I find that Wall, at the time of this timber contract, knew of no timber holdings or timber contracts by Montague, except in Marion county, and even this only by hearsay (see his testimony). This finding of fact is based on testimony objected to, but I think it competent; that is to say, I find from the testimony that, at the time of the execution of the deed by Wall to Montague, said Montague told him they would put a sawmill somewhere near his timber, and also that one Freeman told him the same thing in substance. This evidence I think is competent on reasonable time, as I shall show as a matter of law. I find that the date of the Wall deed to Montague is 24th of December, 1898. I find that defendant, who claims through the Mon-

tague deed, entered upon the land in question to exercise its right under said deed, and cut about 20 or 30 trees. For what purpose the testimony is not clear, but it seems it was for the purpose of preparing to cut and remove the timber therefrom. This was done on or about the 2d of January, 1912. As to the facts set forth in the answer as an affirmative defense, or the evidence introduced to sustain it, I do not think as a matter of law it should have much weight on the question of reasonable time involved here, unless knowledge of those facts be brought home to W. A. Wall at the time or before he made his deed to Montague, and I find as a matter of fact based on the evidence in this case W. A. Wall was ignorant of those facts at that time, except that by hearsay he knew that Montague had bought other timber in Marion county. It seems to me that the above is the only finding on the facts that can be reasonable. Indeed, the testimony to support this finding is uncontradicted, and I could not find otherwise.

"Now, with the facts so found, what is the law? The deed of W. A. Wall to R. L. Montague did not fix the time within which Montague, or those claiming through him, must or should commence to cut and remove the timber from the land described therein, and also described in the complaint. In a case where the contract in this respect was identical with the one involved here, the Supreme Court of this State, in reversing my decision to the contrary, said, where the contract fixed no time for cutting and removing the timber, the grantee (Montague in this case) had a reasonable time within which to commence cutting and removing of the timber, from the date of the contract. In the case of *Roberts* v. *Mazeppa Mill Company,* 30 Minn. 415, 15 N. W. 680, the Court held: 'That the question of reasonable time is determined by all the circumstances of the case —by placing the Court and jury in the same position as the contracting parties were at the time they made the contract —that is, by placing before them all the circumstances

known to both parties at the time.' The above is the law which should guide me in this case. Let us apply the facts.

"What did W. A. Wall at the time of the execution of the deed to Montague know about its being contemplated either by Montague or by the defendant of building mills at Georgetown? Nothing. At that time what did he know of a railroad being constructed from Mullins to Georgetown? Nothing. At that time what did he know of Montague owning or not owning a sawmill or whether he had means of transportation? Nothing. At that time what did he know about the practicability or impracticability of transporting this timber by rail only? Nothing. At that time what did he know about the necessity of constructing a large and expensive plant to warrant the owner or Montague in purchasing this timber? Nothing. Montague testifies in substance that he knew all of the above facts, or had them in contemplation at the time the deed was ·made to him by ·Wall. What information at ·that time does the competent evidence show W. A. Wall had? He knew from hearsay only that Montague had bought other lands in Marion county, and did not know of his holdings and purchases in other counties. At the time of the execution of the deed he was led to believe from the conversation with Montague and also one Freeman acting for Montague that a sawmill would be located in Marion county somewhere near this timber at an early date. I allowed this testimony for the reason that in my judgment any conversation between the parties at the time of the execution of the deed which does in any way affect the terms thereof is competent for consideration in passing upon the question of reasonable time. Montague possibly would have been justified in concluding 30, 20, or 15 years a reasonable time to commence the cutting and removing this timber with all the knowledge he had of these timber contracts at that time, while Wall possibly would have been justified in concluding 5, 8, or 10 years a reasonable time; but I who am to settle this question must take

into consideration what each separately and individually knew at the time the deed was executed. We have, according to the undisputed evidence on the one hand, a man who is an expert in the timber business and in full possession of all the facts and circumstances on the occasion in question connected with this gigantic timber scheme in which he was engaged, making and entering into a contract to purchase timber from Wall, a man, on the other hand, with little or no information when compared with that of Montague. Under those circumstances, where should the hardship fall? Of necessity some one must suffer on account of the contract involved, which I consider a hard contract viewed in any light. I am of the opinion the hardship should fall on him who knew the facts at the time of the contract, rather than upon him who was ignorant of the facts. This being so, I am of the opinion that W. A. Wall, under the facts and circumstances, would have easily been justified in concluding 10 years a reasonable time for Montague or those claiming through him to have commenced cutting and removing the timber. As to my own conclusions from the evidence based upon the law, I am of the opinion that 12 years from the date of the deed would have been a sufficient, reasonable time within which for Montague or those claiming under or through him, to wit, the defendant, to have commenced cutting and removing the timber from the land involved here.

"As to the damages claimed in the complaint, the evidence is that about 20 or 30 trees were cut. For what purpose the testimony is not very clear, but I presume for the purpose of preparing to cut and remove the said timber. I therefore find that the plaintiff is entitled to $3 actual damages. I do not think the evidence warrants punitive damages.

"It is therefore ordered that the plaintiff have judgment against the defendant for $3 actual damages. It is further ordered that, the defendant not having commenced to cut and remove the timber from the land involved here within

12 years from the date of the deed from W. A. Wall to R. L. Montague, through whom defendant claims, said defendant has lost the right to do so now. It is further ordered that said deed be delivered to the clerk of the Court for the above county to be by him canceled, and in case the said deed cannot be so delivered the same be canceled of record. It is further ordered that the defendant and all others claiming under or through it be, and they are hereby, barred from in any way interfering with the land herein involved or the timber thereon. Let the full record herein used before me be filed in the clerk's office, together with this opinion."

*Messrs. Willcox & Willcox,* for appellants, cite: *Rights of purchaser:* 12 Rich. L. 314. *Forfeiture should not be declared when parties can be protected by compensation:* 1 Pom. Eq. Juris. 451; 86 Am. St. Rep. 53. *Stare decisis:* 3 S. C. 491; 177 U. S. 558. *A decree for forfeiture would be denial of due process of law:* 166 U. S. 226.

*Mr. M. C. Woods,* also for appellant, cites: *Testimony as to advice of counsel admissible as one of the circumstances surrounding parties at time of contract:* 9 Cyc. 25; 22 Cyc. 1026; 14 Fed. 167; 89 Fed. 426; 86 Fed. 538. *And to show bona fides:* 2 Bail. L. 623; 141 U. S. 260. *Cases distinguished:* 92 S. C. 418. *Rule of construction of clause in deed:* 58 S. C. 134. *Circumstances to be considered:* 164 Pa. St. 234; 30 Atl. 247; 91 N. W. 1034. *Cases criticized:* 30 Minn. 415; note to 12 A. & E. Ann Cases 913, and cases there cited examined. *Reasonable time:* 89 Miss. 588; 43 So. 2; 70 S. E. 672; 12 A. & E. Ann. Cases 913; 66 S. E. 843; 71 S. E. 559; 75 S. E. 84.

*Messrs. Mullins & Hughes, A. F. Woods,* and *Henry Buck,* for respondent, cite: *Legal advice as to construction of contract inadmissible:* 20 S. C. 317; 40 S. C. 92; 4 Rich. Eq. 349; 79 S. C. 442; 35 S. C. 354; 36 S. C. 504. *Rights*

*of purchaser dependent on circumstances surrounding the parties at time contract was made:* 89 S. C. 328. *Contract being silent as to time when cutting should commence parol testimony admissible:* 85 S. C. 493. *Surrounding circumstances admissible:* 43 S. C. 489. *Action affords due process of law:* 92 S. C. 418; 182 U. S. 427; 177 U. S. 230. *Reasonable time an ultimate fact to be ascertained from evidence:* 2 Rich. 67; 10 Rich. 419; 52 S. C. 563; 78 S. C. 73; 89 S. C. 492; 19 A. & E. Ann Cases 919 (note). *Cases referred to:* 89 S. C. 328; 90 S. C. 153, 363; 128 N. C. 46; 83 Am. St. Rep. 661; 134 N. C. 116; 46 S. E. 24; 51 S. E. 852; 50 S. E. 361; 40 Can. Sup. Ct. 557; 12 A. & E. Ann Cases 913; 89 Miss. 588; 119 Am. St. Rep. 707; 111 Ga. 65. *Evidence as to subsequent location of mills inadmissible:* 66 S. E. 843; 21 S. E. 480. *Thirteen years more than a reasonable time:* 50 S. E. 361; 12 A. & E. Ann. Cases 913; 128 N. C. 46; 134 N. C. 116; 46 S. E. 24; 164 Pa. St. 234; 30 Atl. 247.

April 27, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for equitable relief brought by the plaintiff against defendant. From the allegations of the complaint it appears that on December 24, 1898, W. A. Wall, of Marion county, in consideration of the sum of $275, sold and conveyed to R. L. Montague and his assigns all the timber above 12 inches stump diameter, 12 inches from the ground at the time of cutting, on a tract of 208 acres. Subsequent to this conveyance the defendant acquired by purchase all the rights, title, privileges, and interest that Montague had in the same. In the contract made by Wall to Montague among other things was the following: "It is agreed that the time limit of this conveyance above set forth shall be five (5) years from the time the second party begins cutting and removing the said timber from the lands above

described, but the first party agrees that the said time limit may be extended from year to year thereafter upon the payment by the said second party, his heirs, executors, administrators, or assigns, to the first party, his heirs, executors, administrators or assigns, of interest on the original purchase price at the rate of 6 per cent. per annum." In December, 1911, the plaintiff in this case took from Wall a conveyance in fee of the land upon which the timber conveyed by Wall to Montague was located. This suit was commenced January 10, 1912, for the purpose of having the Court adjudge that a reasonable time had elapsed and expired under a proper construction of the contract as to any rights Montague and his assigns (the defendant) had acquired and for a decree to have the contract canceled and ended because the defendant had failed to commence to cut, or cut and remove, the timber conveyed by the contract within a reasonable time, and had thereby forfeited all rights acquired thereunder. The defendant answered, after issue duly joined, the cause was heard by Judge DeVore, in open Court, in August, 1912, who, on December 23, 1912, filed his decree in favor of the plaintiff. This decree should be set out in the report of the case. Within due time the defendant appealed and asks reversal of the same, and the plaintiff also gave notice that he would ask the Court to sustain the decree on four additional grounds.

The first exception is: (1) His Honor erred, it is respectfully submitted, in sustaining plaintiff's objections to the testimony offered by defendant, tending to prove that defendant and those under whom it claimed secured legal advice before entering into the contract in question, and before acquiring the property conveyed therein, as to the legal effect of said contract, the established law of South Carolina in regard thereto, and the extent of the rights acquired thereunder. He should have held that the accepted opinion prevailing among reputable attorneys at that time as to the effect of the terms of the contract in ques-

2—98.

tion constituted one of the material circumsances surrounding the parties at the time of the making of the contract. which would naturally have influenced the views of the parties, and which did influence them in their conduct, one with the other, and which should have influenced the Court in determining what was a reasonable time in which to commence to cut the timber in question, and whether or not the defendant should have been held to have forfeited its rights by not proceeding at an earlier date."

We think that this exception is not well taken. This testimony was incompetent and irrelevant and could not throw any light on the question at issue. It does not make any difference in this case what advice appellant obtained from some one learned in the law. Lawyers make mistakes as to what the law is, and Courts differ in deciding what the law is. The defendant took the risk in following advise of its counsel as to whether the advice given was correct law or not. The plaintiff is not seeking exemplary or punitive damages wherein it could be shown that party acted under advice of counsel and thereby show he did not act maliciously or wilfully, and such evidence would be competent to lessen or mitigate damages. There is no contention that counsel advised both parties as to the transaction, and that both acted under that advice; but the attempt was only to show that the advice was given to the grantee as to the construction and effect of the contract. A party can be relieved when he acts under a mistake of fact, but not when he acts under a mistake of law. *Cunningham* v. *Cunningham,* 20 S. C. 317. In *Porter* v. *Jeffries,* 40 S. C. 92, 18 S. E. 229, the Court, quoting from 2 Pom. Eq., sec. 843, adopts it as a correct rule: "The rule is well settled that a simple mistake by a party as to the legal effect of an agreement which he executes, or as to the legal result of an act which he performs, is no ground for either defensive or affirmative relief." The only safe course, where the construction of an instrument is in doubt, is to have the Courts construe it, and,

when a person relies on his own construction or the construction of a lawyer, he does so at his own peril that the construction placed upon the instrument is correct.     In *Wright* v. *Willoughby,* 79 S. C. 442, 60 S. E. 971, the Court said: "But it was the duty of the Circuit Judge to construe the deed as written, and no construction put upon it by defendants, or their grantors alone, not assented to nor acquiesced in by the other parties concerned, could avail against the defendant.     This exception is overruled.

Exceptions 2 and 3 complain of error on the part of his Honor in his conclusions and findings of fact that, at the time Montague purchased timber from Wall, Montague was a timber expert, and that he erred in finding at that time Montague had purchased timber in other counties.     In connection with this latter finding, his Honor used this language: "I find that Wall, at the time of this timber contract, knew of no timber holdings or timber contracts by Montague except in Marion county, and even this only by hearsay."     It is incumbent upon the appellant to show by the preponderance of the testimony that his Honor was in error in his findings of fact, and this the appellant has failed to do.     *Hickson Lumber Co.* v. *Stallings,* 91 S. C. 473, 74 S. E. 1072; *Leland* v. *Morrison,* 92 S. C. 511, 75 S. E. 889.

The fourth exception assigns error on the part of his Honor in considering testimony tending to show that the grantor of the deed at the time of its execution was led to believe by the purchaser that a mill would be located in the near future near the timber sold; the appellant's contention being that it was inadmissible as far as defendant was concerned in the absence of any evidence showing that any such notice had been brought home to the defendant, who was the subsequent purchaser, and that the contract was in reference to real estate not in writing, and not to be performed in one year, and tended to vary or add to the terms of the written contract.     The contract was

silent as to when the purchaser was to commence to cut the timber, and under the law the cutting and removal must be within a reasonable time, and anything that took place at the time the original contract was entered into that would go to show what the parties intended as to the time in which the cutting was to commence, or would in any manner elucidate or throw light on this question, would be competent as evidence to be considered for what it was worth, and would not be varying in any manner the written instrument. There is no contention between the parties about the contract entered into between Wall and Montague. The paper is admitted by both parties here in this suit to be the actual contract, but they differ as to the force and effect of it; one claiming that it is canceled, and the other that it is live and active. The contract speaks for itself and cannot be varied as far as its contents are concerned by parol evidence. But the circum stances surrounding the parties at the time it was made can be detailed, and any separate and independent agreement made at the time, or any understanding separate and apart and not embodied in the contract, and in no sense a part of the contract, entered into in writing, is competent evidence. It was incumbent on the purchaser to ascertain the facts and circumstances of the situation of the parties when he purchased. It was held, in *Flagler* v. *Lumber Corporation,* 89 S. C. 328, 71 S. E. 849, that the rights of a purchaser under a contract of this kind would depend upon the facts and circumstances surrounding the parties at the time of the execution of the contract, so that the term of years acquired under the contract depended upon these facts and circumstances, and whatever term these facts and circumstances should fix would be the term acquired. The appellant here was charged with knowledge of a proper legal construction of the contract and as to the time that the cutting should commence under the contract depended upon the facts and circumstances surrounding the parties at the time the contract was made, and the defendant was chargeable with that notice.

The evidence was pertinent and competent to throw light on the question of what was a reasonable time as contemplated by the parties to the original contract and was properly admitted by his Honor. *Sullivan* v. *Williams,* 43 S. C. 489, 21 S. E. 642; *Paint Co.* v. *Bennett-Hedgepeth Co.,* 85 S. C. 493, 67 S. E. 738. This exception is overruled.

The sixth exception is overruled for the same reasons that exceptions 2 and 3 were overruled.

The fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteen and fifteenth exceptions will be discussed together as they substantially challenge all of the Judge's finding of facts and conclusions of law, and impute error to him in decreeing as he did upon evidence before him, some of which is excepted to as incompetent. It is reasonable to suppose that the Judge in arriving at his findings of fact was wholly influenced by competent, pertinent testimony relevant to the issues in the case and wholly uninfluenced by incompetent evidence. After a careful inspection of all of the competent evidence in the case we are not prepared to say that he was in error in finding, as he did, "that 12 years from the date of the deed would have been a sufficient reasonable time within which for Montague, or those claiming under or through him, to wit, the defendant, to have commenced cutting and removing the timber from the land involved here." What is a reasonable time under this contract or contracts similar to it? This is a question to be determined upon the facts of each particular case. What may be a reasonable time in one case under the particular facts and circumstances of that case may be unreasonable in another case, and inapplicable by reason of a different state of facts, or a different situation and surrounding circumstances. There is no question that, if a party desires to exercise his right to extend an option which he has, beyond the fixed time he has acquired, before his time expires, if he desires to exercise his option, he must tender and pay the amount agreed upon in advance,

and serve notice that he will exercise his option for the period agreed upon, and will each year in advance pay the amount agreed upon. This payment must be unqualified and in strict compliance with the agreement of the parties. The payment must be unconditional and in advance. In this case there has been no tender, offer, or payment on the part of the defendant to pay the 6 per cent. on $275, in order to extend the time limit year by year. Neither has the defendant indicated the number of additional years they would claim. If the defendant had commenced to cut and remove timber and needed additional time, it was reasonable and incumbent to tender in advance the 6 per cent. on the purchase price agreed upon, and give notice of the number of years required, and offer to pay in advance each year the 6 per cent. on purchase price, in order that the extended time might be fixed, definite, and determined, and each party know what to rely on as to whether extension of time claimed in the absence of an agreement fixing the time could have been determined.

Under contracts of this character, the purchaser has only the right to have a reasonable time to get the fruits of his purchase. He has no right to enjoy by indefinite extension what would practically amount to a perpetuity and deprive the owner of the enjoyment of his property. What is a "reasonable time" depends upon the circumstances of each case, and is a question of fact, and no particular rule has yet been laid down to govern cases. *Ould* v. *Spartanburg Realty Co.,* 94 S. C. 187, 77 S. E. 866. It has been decided by this Court, in *Flagler* v. *Lumber Corporation,* 89 S. C. 328, 71 S. E. 849; *McLary* v. *Lumber Corporation,* 90 S. C. 153, 72 S. E. 145, and *Atlantic Coast Lumber Co.* v. *Litchfield,* 90 S. C. 363, 73 S. E. 182, that the grantee must begin the removal of timber within a reasonable time, and it follows as a natural logical and irresistible sequence that, upon the failure to commence the removal within a reasonable

time, the estate or interest granted is terminated and the interest granted reverts to the grantor or his privies. His Honor with all of the facts before him has found that a reasonable time had elapsed and the defendant had not commenced to remove the timber and by reason of this failure his contract was terminated and he has no further right to remove. We find nothing in the case that would warrant us in reversing this finding, and appellant has failed to convince us that his Honor was in error in finding as he did. While it is true in reference to forfeiture, as was said in *Davenport v. Latimer,* 53 S. C. 572, 31 S. E. 630: "But, since equity leans to compensation in preference to forfeiture, the vendee, if he cannot show exact compliance with the contract on his part, may still have specific performance or compensation, provided he is not guilty of laches in the ascertion of his claim, stands ready and willing to comply, and shows reasons satisfactory to the Court in excuse of his failure to comply"—it may be that in some of the cases that may arise under similar contracts that parties may bring themselves within this principle, but under the evidence here defendant has failed by its laches to excuse its default in not commencing to remove the timber under the contract within a reasonable time under the circumstances of the case. This delay works injury to the plaintiff. He is deprived of the use of his property. He gets no benefit out of it by reason of being allowed to till or pasture it. He is deprived of the new growth of timber on the land; he gets nothing for the increased size of the timber growing all this time. He pays taxes on the land, and for all of this defendant makes no offer of compensation to him at all. Ordinarily a forfeiture will not be declared where a full compensation can be made for the damage in money. We do not think it was necessary for the vendor to give any notice to the defendant to commence to remove the timber, the defendant knew what the contract was, and it is to be presumed knew what its rights

under it were and enforced or abandoned its rights as it saw fit.

Exception 14 is overruled, as the complaint, properly construed, put them on notice in plain and explicit terms as to the relief asked for from the Court, especially section 8 thereof. This precise question was determined in *Jones* v. *Atlantic Coast Lumber Corporation,* 92 S. C. 418, 75 S. E. 698. We do not think the exceptions taken by defendant complaining that his Honor erred in declaring the contract forfeited. The contract in question was not an absolute conveyance in fee, but determinable or qualified contract, and when there was a breach of the same by reason of defendant failing to avail itself of the terms of the contract, then its rights therein were terminated. The contract was in the nature of a lease. During the life of it, as it were, the defendant had the right to remove the timber. Having neglected to do this within the time found and fixed by the Court, the defendant has no further interest or rights in the timber, and it reverts to the grantor or his assigns. The contract being terminated by failure of defendant to remove the timber within a reasonable time, we do not see that the Circuit Judge was in error in deciding that the plaintiff was entitled to the timber, and that the defendant had no further rights under the contract. All exceptions are overruled.

Judgment affirmed.

Mr. Chief Justice Gary and Mr. Justice Hydrick, concur.

Mr. Justice Fraser, *dissenting.* To me the reasonableness of 12 years and the want of reasonableness of 13 years is not apparent. Forfeitures are rarely ever enforced in equity and not favored in law.

It seems to me that the difference of conditions between a time that is reasonable and a time that is not reasonable

ought to be material.    If the unfavored forfeiture is to be declared, a distinction ought to represent a difference.    Here I see none.

MR. JUSTICE GAGE did not sit in this case.

NOTE: This case has been carried to the United States Supreme Court on writ of error.