13377

RETAILERS SERVICE BUREAU, ETC., INC., v. SMITH

(163 S. E., 649)

*Mr. W. L. DePass, Jr.,* for appellant.

*Mr. L. L. Wittkowsky,* for respondent,

April 4, 1932.

The opinion of the Court was delivered by Mr. Justice Bonham.

The 29th of August, 1928, plaintiff, respondent, and defendant, appellant, entered into a written contract set out in the transcript of record at folios 105 to 110, both inclusive. By the terms of the contract respondent bound itself to furnish certain advertising matter to the appellant each succeeding month of the term of the contract which was to continue for one year beginning with the month of October, 1928. In return for this service appellant contracted to pay respondent the sum of $49.75 on or before the 15th day of each month. The contract was in the form of a written order from appellant to respondent which was to become effective as a contract when signed by the named officers of the respondent company; it was so signed. The contract contains this stipulation (made by appellant):

"This agreement constitutes the full understanding between us, and verbal understandings of your agents other than the conditions set forth herein, do not form a part of it."

"This agreement may be terminated *only by us upon notification by registered mail, and upon payment of all obligations then accrued, together with the payment of forty per cent of the remaining monthly payments as liquidated damages.*" (Italics added.)

Under the contract respondent furnished the advertising matter for October and December, 1928; appellant telegraphed them asking that that for November, 1928, be not sent. He accepted and used that sent for October and December, 1928. January 9, 1929, he telegraphed respondent canceling the contract.

Respondent brought its action to recover the sum of $99.50, the amount due for the service for the months of October and December, 1928, and the sum of $199.00 representing 40 per cent. of the amount of the value of the remaining ten issues of the contract, as liquidated damages, and which appellant stipulated in the contract he would pay.

For answer to the complaint, appellant, for a first defense, denied that the contract was as set out in the complaint; that he signed the contract in reliance upon plaintiff's promises and agreement; that plaintiff breached the contract by not furnishing the dummy book and cuts on the dates agreed upon, thus putting defendant to great expense and preventing further performance by defendant.

For a second defense he reiterated the allegations of the first defense, and alleged further that at plaintiff's request he purchased an addressograph machine, mailing list and plates at a cost of $435.00; that plaintiff agreed to furnish and deliver the dummy books one month in advance of the issue, and to let defendant have copies of "Furniture Sales Builder" one or two days before the first of each month; that plaintiff failed to keep these agreements by which defendant was damaged in the sum of $435.00, which he set up as a counterclaim.

The case was tried by Hon. W. H. Townsend, Circuit Judge, and a jury at the June, 1930, term of the Court of Common Pleas for Kershaw County. At the conclusion of

all of the testimony his Honor granted a motion for directed verdict in favor of plaintiff. From the order directing this verdict defendant appeals.

There are seven exceptions: Exceptions 1 and 2 challenge the correctness of the ruling of the presiding Judge that the 40 per cent. damages provided for in the contract were liquidated damages and not a penalty. Exception 3 alleges error for that the Court refused to allow defendant to offer testimony in regard to the negotiations leading up to the contract, which, defendant's attorney said, would not alter or vary the terms of the written contract. Exception 4 imputes error for that the Court excluded testimony offered to show the date on which plaintiff agreed to deliver each month's issue to defendant, the contract being silent thereon. Exceptions 5 and 6 charge that it was error not to send the case to the jury on the question whether plaintiff had breached the contract and thus justified defendant in rescinding it. Exception 7 charges that it was error to grant plaintiff's motion for directed verdict without allowing defendant's attorney to be heard in opposition to it.

Appellant's counsel, in his argument, groups the issues under four heads.

Are the damages provided for in the contract liquidated damages or a penalty?

The uncontradicted evidence was held by the presiding Judge to show that the provision is for liquidated damages. Plaintiff's witness Morse testfied, and it is unrefuted, that the item of liquidated damages amounting to $199.00 was made up of a commission of 20 per cent. they had paid on the ten remaining issues unused, amounting to $99.50; a 5 per cent. commission to the sales manager amounting on the ten unused issues to $24.87; one thousand covers prepared for the months of January, February, and March at a cost of $20.00 per thousand, $60.00; expended for special arts plates, etc., $14.63.

Appellant's counsel in support of his contention that the damages provided for by the contract constitute a penalty

relies on the case of *Ould v. Spartanburg Realty Co.,* 94. S. C., 184, 77 S. E., 866, 867. In that case the·realty company sold Ould some real estate for the sum of $2,500.00 to be paid, a certain sum cash, and certain sums in monthly payments. It agreed to make some improvements thereon in "a reasonable time." After paying $756.00. Ould stopped payments because, as he alleged, the realty company breached its contract by neglecting to make the improvements it had contracted to. make, and in other respects. Thereafter the realty company conveyed the lots to another person. Ould brought action to recover the amount he had paid, with interest. Defendant set up in the answer, among other things, the defense that the contract contained a clause for liquidated damages in these words : "It is agreed that if the purchaser shall be in default in making any of the said payments for a period of sixty days, this agreement shall be null and void, and the money paid thereunder shall be retained by the party of the first part as liquidated damages, without any liability to account for the same." The Court said: "The second, third, and fourth grounds of appeal are from his Honor's construction of the clause in the contract (just above quoted)—in refusing to construe such default or forefeiture as liquidated damages, in construing it as a penalty, and refusing motion for nonsuit. His Honor held that both parties conceded that the covenants were independent. The question to be determined is, Does this clause *under the law and particular circumstances of this case* [italics added], create a forfeiture by the use of the words 'liquidated damages,' or is it a penalty?" It was held to be a penalty, and the Court said further:

"The evidence shows conclusively that the defendant failed to carry out the contract as made before the plaintiff, in any manner, breached it by failing to make the payments agreed upon. * * *

"Under the evidence in this case, this view is not in conflict with the law as declared in the case of *Carter v. Kaufman,* 67 S. C., 462, 45 S. E., 1017."

It appears then that the principle announced in the quoted case, *Carter v. Kaufman,* is still of force in South Carolina. We take from it this statement: "The case of *Worrell v. McClinaghan,* 5 Strob., 115, shows conclusively that the eleventh exception must be sustained. In that case there was a stipulation in the contract for building a house; that it should be completed by a certain day, and in default there was to be a deduction of $100.00 for every month which intervened between that day and the completion of the building. The Court held that the forfeiture partook of the character of liquidated damages, and not that of a penalty, and that the jury should have been instructed to that effect *as matter of law.* In the case under consideration it unquestionably appears upon the face of the contract that the damages therein mentioned are liquidated, and his Honor the Circuit Judge should have so ruled as a matter of law. But whether such damages are recoverable must, of course, depend upon the facts of the case, to be determined by the jury under proper instructions by the Court."

The contract in the *Carter v. Kaufman case* was for the building of a storehouse, and the contract contained a provision for the payment of $5.00 for each day the building remained uncompleted after the day fixed for its completion, and $10 00 a day thereafter until it was completed.

"Liquidated damages are those the amount whereof has been ascertained by judgment, or by the specific agreement of the parties. 13 C. J., § 31, p. 714.

"Whether," it has been said, "a sum named in a contract to be paid by a party in default on its breach, is to be considered liquidated damages, or a penalty, is one of the most difficult and perplexing inquiries encountered in the construction of written agreements." "It seems to be generally conceded, indeed, that each case must be permitted to stand pretty much on its own peculiarities and particular facts, and that no general rules applicable to all contracts are deducible." 13 C. J., § 233, p. 934.

"As a broad general rule the intention of the parties will control as to whether a provision in a contract was for a penalty or for liquidated damages." 13 C. J., § 234, p. 935.

"The purpose in permitting a stipulation for damages as compensation, is to render certain and definite that which is uncertain and not easily susceptible to proof." 8 R. C. L., § 110, p. 559.

"As a general rule the intention of the parties is an important, if not a conclusive element in determining whether a sum stipulated to be paid in case of the breach of a contract is to be regarded as liquidated damages or a penalty; and the question therefore, is said to be one of construction." 8 R. C. L., § 111, p. 560.

The uncontradicted evidence shows that the stipulation was regarded by plaintiff, and intended by it to be, in the nature of liquidated damages. It shows that the amount so claimed by plaintiff was the amount of its actual damage and no more. It is stated in the contract that the provision was for liquidated damages. There is not a syllable of testimony from defendant that it was regarded otherwise by him, or that the amount shown by plaintiff's testimony was not the amount of its actual damage.

There was no error on the part of the Circuit Judge in holding that this was a provision for liquidated damages and not for a penalty.

It does not, however, necessarily follow that he was correct in directing a verdict for the amount of such liquidated damages. The liability of defendant in such regard depends upon whether he breached the contract, and/or whether if he did breach it he was justified in doing so by the prior breach thereof by plaintiff. There was directly contradictory evidence on these questions which required that they should have been submitted to the jury.

In the case of *Carter v. Kaufman, supra,* it was held that whilst the stipulation in a contract might provide for liquidated damages, the question whether the person claiming them was entitled to collect them depended

"upon the facts of the case, to be determined by the jury under proper instructions by the Court." In the case at bar it is admitted that defendant sent to plaintiff under date of January 9, 1929, a telegram canceling the contract. It is true that the contract contained the provision, inserted by defendant, presumably for his own protection, that: "This agreement may be terminated only by us upon notification by registered mail and upon payment of all obligations then accrued, together with the payment of forty per cent of the remaining monthly payments as liquidated damages." The notice of cancellation was not given by registered mail. Defendant could waive this provision of the contract made for his benefit, and plaintiff did waive it by acquiescing in it, acting upon it, and bringing its action for the accrued obligations and for the liquidated damages on the remaining monthly payments.

Moreover, if, as defendant alleges, and plaintiff stoutly denies, the latter first breached the contract, defendant could not be held for the liquidated damages. So much is held in the case of *Ould v. Spartanburg Realty Company, supra.*

"Notice of termination must be given in accordance with the terms of the contract. *A party in default under a contract cannot claim the right to a notice dependent on performance on his part."* (Italics added.) 13 C. J., § 634, p. 607.

"Notice, or notice in writing as required by the contract, or any informalities or defects in the notice may be waived. And a party who has by his own act prevented mutual compliance with the terms of the contract cannot insist thereon." 13 C. J., § 637, p. 608.

"To the rule that rescission requires the assent of both parties there is a seeming exception in the case where a party breaks his contract. By his default he is regarded as consenting to a rescission by the other party in case the latter should elect to do so. In a case in which the default is of such a nature as to justify the party not in default in termi-

nating the contract the defaulter is presumed to have assented to such termination. The breach of one party may in such case be treated by the other as an abandonment of the contract authorizing him, if he chooses, to do so, to disaffirm it, and thus the assent of both parties is sufficiently manifested." 6 R. C. L., § 310, p. 925.

Each party to the contract charged the other with breaching it. Each offered evidence in support of his contention. If plaintiff first breached the contract, he may not claim liquidated damages. If defendant first breached it without cause, he is liable for the liquidated damages provided for by the contract. The evidence hereabout made a sharp issue for determination by the jury.

The defendant was asked the question by his counsel:

"State whether or not on the 9th of August 1928, you had any occasion to have a transaction with a salesman of the Retailer's Service Bureau. A. Yes, sir.

"Q. All right, what proposal did he make to you?"

On objection the defendant was not allowed to answer, because this was a written contract, and the negotiations which led to it are embodied in the contract. It is so expressly stipulated in the contract in these words: "This agreement constitutes the full understanding between us, and verbal understandings with your agents (the agents of the plaintiff), other than the conditions set forth herein do not form a part of it."

There was no error in excluding this evidence.

The exception which imputes error for that the Circuit Judge excluded parol testimony tendered for the purpose of showing that the parties to the contract had agreed that the several monthly issues should be delivered at a certain time cannot be sustained, for the reason that such testimony would add to the terms of the written contract, and for the further reason that: "The law conclusively presumes that parties to a contract understand its

obligations. Accordingly, where a written contract for the sale of goods specifies no time for delivery parol evidence tending to show that a definite time was agreed upon is not admissible, since, where no time for delivery is stated in the contract the implication arises that delivery will be made within a reasonable time, and to rebut that implication by parol would vary the contract." 10 R. C. L., § 240, p. 1047.

"Where no time delivery is specified the law implies a contract that the goods shall be delivered within a reasonable time; and no evidence will be admissible to prove a specific time at which they were to be delivered, for that would be to contradict and vary the legal interpretation of the instrument." 22 C. J., § 1478, p. 1118.

■ The defendant has the right to go to the jury upon the question whether the deliveries made by plaintiff were made in a reasonable time.

We are sure that the courteous judge who heard this case meant no disrespect to counsel. The argument had taken the form of a running debate between counsel and the Court, and the presiding Judge evidently concluded that it was ended.

■ The defendant admitted that he owes for the issues for the months of October and December, 1928, and signifies his willingness to pay for them. Therefore there was no error in directing a verdict for the plaintiff for that amount ($99.50), especially in view of the fact that defendant offered no evidence whatever in support of his counterclaim.

It is the judgment of the Court that so much of the order of the Circuit Judge as directed a verdict for plaintiff in the sum of $99.50, the value of the issues for the months of October and December, 1928, be affirmed. That the case be remanded to the Circuit Court for trial by jury of the issues whether plaintiff is entitled to recover the liquidated damages provided for in the contract.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and CARTER concur.