13820

FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUM-
BIA v. NEW YORK TITLE & MORTGAGE CO.
(O. M. PEGUES CASE)

(174 S. E., 406)

Before Dennis, J., Richland, March, 1932.

*Messrs. Melton & Belser,* for appellant,

*Messrs. Thomas, Lumpkin & Cain* and *Harold Lee,* for respondent,

Mr. *Peyton R. Evans,* as *Amicus Curiae* for the twelve Federal Land Banks,

April 3, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is the companion case to that of the same litigants as are those in case No. 13819, in which the opinion of this Court is just rendered. 174 S. E., 402. There the litigation arose out of the loan made by the First Carolinas Joint Stock Land Bank to Katie W. Pegues, and here it arises out of the loan made by the bank to O. M. Pegues. In each case the New York Title & Mortgage Company issued its policy insuring the bank against loss or damage by reason of defects in the title of the mortgaged premises, and insuring that there were no estates, defects, charges, or incumbrances affecting the said premises. In each case the action was predicated upon alleged loss or damage incurred by the bank by reason of the fact that there were outstanding at the time of making the loan and the execution of the mortgage and the issuing of the policy of title insurance two timber deeds by which all the valuable timber on the mortgaged lands had been conveyed and cut away.

In the present case the defenses were: First, a denial of the amount and value of the timber removed; second, allegations that the bank knew of the existence of the timber deeds at the time the policy was issued and fraudulently withheld such knowledge from the Title Company; third, that the bank did not comply with the provisions of Section 6 of the conditions and stipulations of the policy, which are to the effect that the insured must give to the insurer notice within thirty days after learning of any claim of title or defect before settlement or payment of it.

The plaintiff demurred to the second and third defenses. The trial Judge sustained the demurrer to the third defense, and overruled it as to the second. However, upon the conclusion of the testimony, he held that there was no evidence in support of the allegations of the second defense and withdrew that from the consideration of the jury. He denied the motion of plaintiff for the direction of a verdict in its favor on the question of liability, leaving to the jury the question of loss or damage, and, over plaintiff's objection, submitted to the jury two questions, viz.:

"First, What, if any, value was placed on the timber by plaintiff when it took the bond and mortgage; that is, if it gave the timber no consideration it could not recover?

"If the jury determines that they did consider the timber in making the loan, then the question as to what damages the plaintiff sustained by reason of the cutting of the timber."

The jury found for the defendant.

The plaintiff appeals from the judgment and the rulings and orders of the Court.

The defendant appeals from the order sustaining the demurrer to the third defense.

All the questions made by the appeal of the plaintiff are settled in the opinion just filed in the *Katie W. Pegues case,* except that which alleges error for submitting it to the jury to determine whether the timber on the mortgaged premises was taken into consideration and included in the mortgage. The conclusions of the other opinion are reiterated here.

There remains also to be considered the cross-appeal of the defendant from the order sustaining the demurrer to the third defense.

The mortgage was before the Court, and should have been construed by it. Unless the timber on the land was reserved by the terms of the mortgage, it would seem that there was no occasion to submit to the jury the question whether the parties to the mortgage contract had in

consideration the value of the timber; and all testimony thereabout, properly objected to, should have been excluded, or struck out on motion.

In the case of *Knotts v. Hydrick*, 12 Rich., 314, the grantor of real estate reserved the timber of certain dimensions. A controversy arose over the cutting of it. The Court of Appeals said:

"No doubt, the reservation of the timber is what, strictly, is an 'exception,' in the language of law writers, not a 'reservation,' since it is what was part of the realty, and would have passed from the grantor but for the exception. That exception left the subject-matter excepted still vested in him. Now growing trees are part and parcel of land; in legal signification, they are of the realty."

"Growing timber constitutes a portion of the realty embraced by a mortgage on the land unless expressly or impliedly excepted." 41 C. J., 484.

Manifestly the trial Judge should have by the construction of the mortgage said whether the timber was excepted from its terms. The timber deeds were made in December, 1921, and early in 1922, and the timber was not all cut till 1926. Appellant's mortgage was executed in October, 1922.

"Standing timber is a part of the realty, as much so as the soil itself." 38 C. J., 146.

"The conveyance of timber land without reservation or exception of timber carries the timber." 38 C. J., 147, 148.

In the case of *Wilson Lumber Company v. Alderman*, 80 S. C., 106, 61 S. E., 217, 128 Am. St. Rep., 865, Wilson purchased from McElveen "all the pine trees and timber suitable for milling purposes * * * together with the right of ingress, egress," etc. A controversy arose over the terms of the deed relating to the time allowed for the cutting of the timber; an action was begun to enjoin the cutting. From the opinion of Mr. Justice Jones, on appeal, this is taken:

"A jury was impaneled and heard all the evidence. At the close of the testimony it was agreed that, after the deed

from McElveen had been construed by the court, nothing remained for the jury to consider.

"The court (Judge Prince presiding) in a very clear and able decree decided that the deed to Wilson conveyed to him all the pine trees and timber of every description suitable for milling purposes at the time of its execution, * * * and that as the deed was in form a fee-simple conveyance, without conditions or limitations, it conveyed the timber described to Wilson as real estate, together with so much of the land on which the trees were growing as was necessary to sustain them."

It is unnecessary to cite other authorities. It is patent that it was error to submit to the jury the questions relating to the inclusion or exclusion of the timber in the mortgage.

The ground of the appeal of defendant from the order sustaining the demurrer to the third defense is thus stated in the exceptions: "The trial Judge erred in sustaining a demurrer to one or more defenses set up in the answer * * * upon a notice served ten months after issues joined and only within six days before the trial of the case."

The gravamen of the contention is that under the Code, § 471, the demurrer to the answer must be made within twenty days after the service of the answer. We do not think Section 471 is open to that construction. It provides that, when the answer contains new matter by way of counterclaim, the plaintiff may within twenty days reply to such new matter; and the plaintiff may in all cases demur to an answer containing new matter when on its face it does not constitute a counterclaim or defense; and the plaintiff may demur to one or more of such defenses and counterclaims and reply to the others.

Section 459 of the Code provides that: "The demurrer * * * may be taken to the whole complaint, or to any of the alleged causes of action stated therein."

By analogy and by the provisions of Section 471 the plaintiff may demur to the whole answer or any separate defense stated therein.

Section 462 of the Code provides that: "If no such objection be taken, either by demurrer or answer, the plaintiff or defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action, *or that the answer does not state facts sufficient to constitute a defense: Provided, That in cases where the objection is made that the complaint does not state facts sufficient to constitute a cause of action, or that the answer does not state facts sufficient to constitute a defense, the party making such objection shall give at least five days' notice, in writing, to the opposite party of the grounds of such objection.*" (Italics added.)

It is immaterial by what name the objector calls his notice. It was under the liberal provisions of this section that plaintiff's counsel acted, and we think the authority was ample. Moreover, the objection to this defense should have been sustained for the reasons given in the *Katie W. Pegues case* in touching on this question. The section of the conditions and stipulations relied on stated no ground of defense.

We have not thought it necessary to consider whether the defendant can maintain this cross-appeal, since his appeal must be and is dismissed.

The trial Judge practically conceded that plaintiff was entitled to have a directed verdict on the question of liability if the timber was included in the mortgage. It was error not to grant the motion for such directed verdict.

The appeal of the plaintiff from the judgment of the Circuit Court is sustained, and the judgment as to this appellant is reversed.

The appeal of the defendant from the order of the Circuit Judge sustaining the demurrer to the third defense is denied, and the order appealed from is affirmed.

It is the judgment of this Court that the case be remanded to the Circuit Court, with directions to direct a verdict for plaintiff on the question of liability, and that the question of loss or damage be submitted to a jury.

MR. CHIEF JUSTICE BLEASE, MR. JUSTICE STABLER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. JUSTICE CARTER did not participate.